UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

ERNEST THOMPSON,

    Defendant/Petitioner.
_____/

Case No. 13-20495
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING THE GOVERNMENT'S MOTION TO HAVE
THE COURT WAIVE THE ATTORNEY-CLIENT PRIVILEGE AND
MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE [R. 241]**

On July 31, 2015, Defendant-Petitioner Ernest Thompson, a federal prisoner, filed a motion to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. [R. 234]. In his motion, Thompson alleges multiple claims of ineffective assistance of counsel. Thompson alleges that his counsel did not properly explain the ramifications of pleading guilty to brandishing a firearm during and in relation to a crime of violence, and therefore his plea was not knowing, intelligent and voluntary. [*Id.*, PgID 2639-40]. He also claims that he relied on his counsel's assurance that he could "defeat" the brandishing charge at sentencing. [*Id.*, PgID 2642]. Thompson states that "the promises and inducements made by counsel to [him] [were] 'outside the record.'" [*Id.*, PgID 2643].

On August 21, 2015, the Government moved the Court to order that Thompson implicitly waived the attorney-client privilege with respect to communications between him and his attorney related to the purported "promises and inducements" set forth in the § 2255 petition. [R. 241]. The Honorable Paul D. Borman referred the Government's motion to this Court for determination pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 242]. Thompson has not responded to the Government's motion, and his response was due September 8, 2015.

A claim of ineffective assistance of counsel impliedly waives the attorney-client privilege as to any communications relevant to the claim. *In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005). The waiver is construed narrowly, and the Court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 453 (citation omitted).

Here, Thompson implicitly waived the attorney-client privilege with respect to communications between himself and his attorney to the extent that those communications are related to his ineffective assistance of counsel claims in his § 2255 motion to vacate.

Accordingly, the Court **GRANTS** the Government's motion [R. 241] to narrowly waive the attorney-client privilege with respect to the

communications between Thompson and his attorney related to Thompson's ineffective assistance of counsel claims.

Further, the Court **EXTENDS** the Government's deadline to file a response to Thompson's § 2255 motion to vacate until **DECEMBER 8, 2015**. Thompson's reply is due by **JANUARY 5, 2015**.

**IT IS ORDERED**.

Dated: September 15, 2015

                                               s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2015.

                                               s/Marlena Williams
MARLENA WILLIAMS

Case Manager

2:13-cr-20495-PDB-EAS   Doc # 247   Filed 09/15/15   Pg 4 of 4    Pg ID 2729