UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

                              Case No. 13-20495

v.                             Honorable Paul D. Borman
                              Magistrate Judge Elizabeth A. Stafford

ERNEST THOMPSON,

      Defendant/Petitioner.

_____/

**REPORT AND RECOMMENDATION TO DENY ERNEST
THOMPSON'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [R. 234]**

## I.    INTRODUCTION

After pleading guilty and being sentenced to 96 months in prison,

defendant-petitioner Ernest Thompson, a federal prisoner proceeding *pro*

*se*, filed a motion to vacate, set aside or correct his sentence pursuant to

28 U.S.C. § 2255 [R. 234], which is before this Court for report and

recommendation.  Having reviewed the parties' briefs, the Court finds that

Thompson fails to demonstrate a legal basis to vacate, set aside or correct

his sentence, and thus **RECOMMENDS DENYING** his motion [R. 234].

## II.   BACKGROUND

Prior to May 2, 2013, Thompson and at least three other individuals

agreed to rob, by the use of force or threatened force, a pharmaceutical

van delivering controlled substances.  [R. 99, PgID 634].  Thompson acknowledged in his plea agreement that he joined the conspiracy knowingly and voluntarily, and participated in the planning of the robbery. [*Id.*, PgID 635].

On May 2, 2013, co-conspirators of Thompson drove to the parking lot of the Patient Care Pharmacy in Dearborn and parked behind a pharmaceutical delivery van.  [*Id.*].  One of the co-conspirators got out of the vehicle, approached the delivery driver, brandished a firearm that had been provided by Thompson, and demanded the keys to the van.  [*Id.*]. After obtaining the keys, the gunman drove off in the pharmaceutical van, and all of the co-conspirators met at Thompson's residence to divide the contents of the van.  [*Id.*].

On October 29, 2013, a federal grand jury returned a second superseding indictment against Thompson, charging him with, *inter alia*, conspiracy to commit interference with commerce by robbery, 18 U.S.C. § 1951(a), brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and felon in possession of a firearm, 18 U.S.C. 922(g)(1).  [R. 45].  Thompson pleaded guilty to those charges pursuant to a Rule 11 plea agreement.  [R. 99; R. 243].

At an October 17, 2014 sentencing hearing, the Court accepted the

2

plea agreement and sentenced Thompson to a 96-month term of imprisonment – a 12-month term for the robbery conspiracy and felon in possession charges, and, as is mandatory under 18 U.S.C. § 924(c)(1)(A)(ii), a consecutive 84-month term for the brandishing charge. [R. 224, PgID 2586].

Thompson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [R. 234], the Government filed a response and supplemental response [R. 246; R. 261], and Thompson replied to each response [R. 258; R 274].

## III.   ANALYSIS

Thompson argues he is actually innocent of the brandishing a firearm charge because he only served as a lookout for the robbery, and that his counsel was ineffective for failing to challenge that charge, despite promising to do so, and for failing to investigate.  He further argues that his plea was not knowing, intelligent or voluntary, and that his brandishing a firearm conviction is unconstitutional.  Thompson's arguments are unavailing.

### A.

Thompson's argument that he is actually innocent of the brandishing a firearm charge and his argument that his attorney was deficient for failing

to challenge that charge lack merit.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citation omitted). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks and citation omitted).

The Sixth Amendment right to counsel and right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To satisfy the first

4

element, a defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Id.* at 687-88. Judicial scrutiny of an attorney's performance is "highly deferential"; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.  With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Although Thompson argues that his attorney was deficient for failing to argue that he could not be guilty of the brandishing charge because he only acted as a lookout, the government correctly points out that he was properly convicted of the brandishing offense under a *Pinkerton*[1] theory of liability.  [R. 246, PgID 2716].  Under *Pinkerton*, a conspirator is held liable for the crimes of other co-conspirators that are within the reasonably foreseeable scope of the conspiracy.  *Pinkerton*, 328 U.S. at 645-48.  To be convicted based on *Pinkerton* liability brandishing charge, each of the following elements must be proved beyond a reasonable doubt: (1) Thompson was a member of the underlying robbery conspiracy; (2) after he

---

[1] *Pinkerton v. United States*, 328 U.S. 640, 645-48 (1946).

joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of brandishing a firearm during and in relation to a crime of violence; (3) the brandishing of a firearm crime was committed to help advance the conspiracy; and (4) the brandishing a firearm crime was within the reasonably foreseeable scope of the conspiracy and one that Thompson could have reasonably anticipated as a necessary or natural consequence of the agreement.  *See Pinkerton*, 328 U.S. at 645-48; *see also* Sixth Circuit Pattern Jury Instructions 3.10, Pinkerton Liability for Substantive Offenses Committed by Others, Sept. 9, 2015.[2]

Thompson admitted during the plea hearing that he gave one of his co-conspirators a gun to use in the robbery, that he knew it was going to be used in furtherance of the robbery, and that the gun was used and brandished during the robbery to get control of the van.  [R. 243, PgID 2693].  Further, Thompson signed the Rule 11 plea agreement, which contains the admission that "while he was a member of the [robbery] conspiracy, a co-conspirator brandished a firearm during and in relation to the crime of interference with commerce by robbery.  The brandishing of the firearm was done to help advance the conspiracy and it was within the

---

[2] http://www.ca6.uscourts.gov/internet/crim_jury_insts/pdf/crmpattjur_full.pdf

reasonably foreseeable scope of the conspiracy."  [R. 99, PgID 636].

Based on those admissions, a sufficient factual basis existed to convict Thompson of brandishing a firearm during and in relation to a crime of violence under a *Pinkerton* theory of liability.  Further, in light of those admissions and Thompson's decision to plead guilty to the brandishing charge, his counsel was not ineffective for failing to challenge that charge.

**B.**

Thompson argues that his guilty plea to the brandishing a firearm charge was not knowing, intelligent or voluntary.  In support of that argument, he contends that he only pleaded guilty to the brandishing charge because his counsel purportedly told him that he "could defeat the 'brandishing' [charge] at sentencing" and that he would "not be found guilty" of brandishing.  [R. 234, PgID 2642, 2644].  This argument fails.

First, in light of the fact that he was pleading guilty to the brandishing charge, Thompson's argument that his counsel promised that they could beat that same charge at sentencing is incredulous.  Putting that aside, though, the record demonstrates that Thompson pleaded guilty knowingly, intelligently and voluntarily, and that he knew by pleading guilty that he was admitting his guilt to the brandishing charge and giving up his right to a jury trial.

7

The Court explained to Thompson during the plea hearing that, if he pleaded guilty, he would be giving up the right to a trial where he could present a defense, and Thompson confirmed that he still wished to plead guilty.  [R. 243, PgID 2682].  Next, the Court reviewed the elements of the brandishing charge and asked Thompson if his decision to plead guilty was a result of the Rule 11 plea agreement.  [*Id.*, PgID 2684-86].  Thompson confirmed that his guilty plea was a result of the plea agreement, which he acknowledged he had reviewed.  [*Id.*, PgID 2686].  The plea agreement specifically states that "the Court ***must*** impose a sentence of imprisonment on Count Three (Brandishing a Firearm During and in Relation to a Crime of Violence) of at least seven (7) years."  [R. 99, PgID 638 (emphasis in original)].  Moreover, the Court explained to Thompson during the plea hearing that the brandishing charge carried a mandatory 84-month consecutive sentence, and he confirmed that he understood.  [R. 243, PgID 2688].  Accordingly, the Court found that Thompson pleaded guilty "knowingly, freely and voluntarily."  [*Id.*, PgID 2694].

Thompson's acquiescence at the sentencing hearing further undermines his contention that he was unaware of the ramifications of pleading guilty.  During the sentencing hearing, Thompson's attorney stated that although Thompson was a lookout, "he knows that he's just as

8

responsible as the person that got out of the … stolen car and put a gun on the pharmaceutical driver."  [R. 224, PgID 2582].  Shortly thereafter, the Court again confirmed that the brandishing charge carried a mandatory minimum sentence of seven years, so Thompson "must get 84 months … on that count plus anything on the other counts," and Thompson's attorney stated that the Court was correct.  [*Id.*, PgID 2582-83].  When given a chance to speak, Thompson did not object to the mandatory 84-month sentence, but instead agreed with the foregoing facts and stated, "My lawyer has pretty much summed up everything."  [*Id.*, PgID 2583].

Thompson's argument that his guilty plea was not knowing, intelligent or voluntary fails.

## C.

Last, Thompson argues that his conviction on the brandishing charge and the mandatory 84-month sentence violated *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013), and that his counsel was deficient in failing to investigate.  Thompson is wrong.

In *Alleyne*, the Supreme Court held that the Sixth Amendment requires that any fact that increases the mandatory minimum sentence for a crime is an element of the offense that must be found by the jury beyond a reasonable doubt.  *Alleyne*, 133 S.Ct. 2151.  However, Thompson

9

pleaded guilty to the brandishing charge and admitted the necessary facts for the conviction. "[W]hen a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial," *Alleyne* is not violated. *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013). Since the *Yancy* defendant had admitted brandishing a firearm during his plea, his *Alleyne* challenge was without merit. *Id.* For the same reason, Thompson's brandishing conviction and 84-month sentence are constitutional, and his counsel was not deficient in failing to investigate or challenge the conviction.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Thompson's motion to vacate, set aside or correct his sentence [R. 234].

Dated: February 24, 2016     s/Elizabeth A. Stafford
                             ELIZABETH A. STAFFORD
                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

11

**length and complexity to the objections**, but there is otherwise no page

limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager