UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                          Case No. 13-20495
                           Honorable Paul D. Borman
                           Magistrate Judge Elizabeth A. Stafford

ERNEST THOMPSON,

    Defendant/Petitioner.

_____/

**REPORT AND RECOMMENDATION TO DENY ERNEST THOMPSON'S SECOND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [ECF NO. 383]**

**I.   Introduction**

After reaching an agreement with the government, Petitioner Ernest Thompson pleaded guilty in April 2014 to three counts of a second superseding indictment. [ECF No. 99]. Thompson filed no appeal, but in July 2015, he moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [ECF No. 234]. The Honorable Paul D. Borman denied the motion, and the Sixth Circuit denied his application for a certificate of appealability. [ECF No. 319; ECF No. 345]. In February 2020, the Sixth Circuit granted Thompson's motion for an order authorizing the district court to consider his second or successive motion under § 2255, reasoning that the Supreme Court held in 2019 that a conspiracy to commit Hobbs

Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c).  [ECF No. 387].

Thompson then filed his second motion under § 2255.  [ECF No. 383].  Judge Borman ordered the government to respond and referred the motion to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  [ECF No. 385; ECF No. 392].  the Court recommends that Thompson's second motion under § 2255 be denied.

## II.   Background

In 2013, Thompson and at least three co-conspirators agreed to rob, by force or threatened force, a pharmaceutical van delivering controlled substances.  [ECF No. 99; PageID.634].  Thompson's co-conspirators then drove to the parking lot of the Patient Care Pharmacy in Dearborn and parked behind a pharmaceutical delivery van.  [*Id.,* PageID.635].  One of the co-conspirators approached the delivery driver, brandished a firearm provided by Thompson, and demanded the keys to the van.  [*Id.*].  After taking the keys, the gunman drove off in the pharmaceutical van and the co-conspirators met at Thompson's residence to divide the contents of the van.  [*Id.*].

Days after the robbery, Thompson and his co-conspirators were charged in a complaint.  [ECF No. 1].  A second superseding indictment

that followed charged Thompson in nine counts, and he later pleaded guilty to count one (Hobbs Act conspiracy to commit interference with commerce by robbery, 18 U.S.C. § 1951(a)); count three (brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)); and count nine (felon in possession of a firearm, 18 U.S.C. 922(g)(1)). [ECF No. 45; ECF No. 99, PageID.633-634; ECF No. 243, PageID.2679, 2683-2685; 2690-2695].

Relevant here, the government explained during the plea hearing that, for count three, Thompson was liable for the reasonably foreseeable acts of his co-conspirators "under the theory of *Pinkerton*." [ECF No. 243, PageID.2685]. When giving his factual basis for count three, Thompson said, "I gave my co-defendants a gun to use in the robbery." [*Id.*, PageID.2693]. He confirmed that he "knew they were going to use the gun to do the robbery," that "the robbery did occur" and that the gun "was shown to the victim during the robbery." [*Id.*].

At an October 2014 sentencing hearing, Judge Borman accepted the plea agreement and sentenced Thompson to a 12-month term for the robbery conspiracy and felon in possession charges, and a consecutive 84-month term for the brandishing charge under 18 U.S.C. § 924(c)(1)(A)(ii). [ECF No. 168, PageID.1875; ECF No. 224, PgID 2586].

3

Last year, the Supreme Court held that the "residual clause" found in § 924(c)(3)(B) is unconstitutionally vague, and thus vacated on direct appeal the defendants' convictions and sentences for conspiracy under the Hobbs Act. *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). Thompson argues that his sentence under § 924(c) was also predicated on a Hobbs Act conspiracy, and that *Davis* should be retroactively applied on collateral review to vacate his conviction and sentence under § 924(c).

In response, the government contends that *Davis* does not apply because Thompson's § 924(c) conviction was predicated on Hobbs Act robbery, not on the conspiracy. The government also argues that Thompson has procedurally defaulted his residual clause claim. In reply, Thompson adds an argument that the Sixth Circuit has held that a sentence cannot be enhanced under a *Pinkerton* theory. He also asserts that "any procedural defaults base[d] on his failure to raise" his residual clause "argument prior to the *Davis* decision should be excused." [ECF No. 391, PageID.3872-3873].

### III.   Analysis

**A.**

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citation omitted). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quotation marks and citation omitted).

Thompson alleges a defect in his conviction under § 924(c)(1)(A)(ii), which states that a person who brandishes a firearm during and in relation to any crime of violence must be sentenced to at least 7 years (84 months). A "crime of violence" is defined as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). Section 924(c)(3)(A) is the "elements clause" and § 924(c)(3)(B) is the "residual

5

clause."[1]  *Davis*, 139 S. Ct. at 2324.

Hobbs Act robbery involves "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury . . . .*" § 1951(b)(1) (emphasis added).  Thus, robbery under the Hobbs Act is a crime of violence under the elements clause.  *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019).  In contrast, a Hobbs Act conspiracy may involve no actual or threatened force; it applies to anyone who conspires to, "*in any way or degree*," obstruct, delay, or affect commerce or the movement of any article or commodity in commerce, *by robbery or extortion*.  § 1951(a) (emphasis added).  As such, "conspiracy to commit Hobbs Act robbery qualifies [as a crime of violence] only if it meets § 924(c)(3)(B)'s residual definition."  *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019).  As noted, the Supreme Court found the residual clause to be unconstitutionally vague.  *Id.*; *Davis*, 139 S. Ct. at 2325.

---

[1] Some courts call § 924(c)(3)(A) the "use of physical force clause" or simply "the force clause." *See, e.g., United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016); *United States v. Coop*, No. 19-5495, 2020 WL 1486901, at *6 (6th Cir. Mar. 25, 2020) (unpublished).

6

**B.**

Thompson argues that his conviction and sentence under § 924(c)(1)(A)(ii) were predicated on a Hobbs Act conspiracy and should be vacated under *Davis*. But the § 924(c) count to which he pleaded guilty—count three of the second superseding indictment—did not allege conspiracy; it alleged that Thompson brandished a firearm during and in relation to a crime of violence. [ECF No. 45, PageID.165; ECF No. 99, PageID.633-634; ECF No. 243, PageID.2679, 2684-2685; 2692-2695]. During the plea hearing, the government explained that count three was asserted under a *Pinkerton* theory, referring to *Pinkerton v. United States*, 328 U.S. 640 (1946). [ECF No. 243, PageID.2684].[2]

"The Pinkerton theory of liability is predicated on the idea that once a participant decides to join a conspiracy, he is responsible for any substantive offenses committed by his co-conspirators in furtherance of the conspiracy." *United States v. Adkins*, 372 F. App'x 647, 652 (6th Cir. 2010). Although the *Pinkerton* theory of liability requires an underlying

---

[2] In an earlier report and recommendation, this Court found that "a sufficient factual basis existed to convict Thompson of brandishing a firearm during and in relation to a crime of violence under a *Pinkerton* theory of liability." [ECF No. 279, PageID.2900]. Judge Borman adopted the report and recommendation. [ECF No. 319].

7

conspiracy, it is distinguishable from conspiracy liability. In fact, "[t]he majority of circuits have held that district courts may give a *Pinkerton* co-conspirator liability instruction for a substantive charge, even for a defendant who has not been charged with conspiracy." *United States v. Budd*, 496 F.3d 517, 527 (6th Cir. 2007).

Thompson's argument that his § 924(c) conviction was predicated on a Hobbs Act conspiracy does not withstand scrutiny of his plea agreement. [ECF No. 99]. The plea agreement described the elements of count three of the second superseding indictment, which alleged brandishing a firearm during and in relation to a crime of violence, as follows:

1. Defendant was a member of the conspiracy charged in Count 1 of the Second Superseding Indictment;
2. After he joined the conspiracy, and while he was still a member of it, one or more of the other members of the conspiracy committed the crime of brandishing a firearm during and in relation to a crime of violence. The elements of brandishing a firearm during an in relation to a crime of violence are:
    a. *A person committed a crime of violence* prosecutable in federal court, *specifically, interference with commerce by robbery*;
    b. That person knowingly brandished a firearm;
    c. The brandishing of the firearm was during and in relation to the crime of interference with commerce by robbery;
3. The crime of brandishing a firearm during and in relation to a crime of violence was committed to help advance the conspiracy;
4. The crime of brandishing a firearm during and in relation to a crime of violence was within the reasonably foreseeable

8

scope of the conspiracy.

[ECF No. 99, PageID.633-634 (emphasis added)]. "Interference with commerce by robbery," as described in ¶ 2(a), is Hobbs Act robbery under § 1915(b)(1). Thompson pleaded guilty to count three; he admitted that a co-conspirator brandished a firearm during Hobbs Act robbery, and that the brandishing of the firearm was foreseeable. Thus, under the *Pinkerton* theory, he pleaded guilty to the substantive charge of brandishing a firearm during a Hobbs Act robbery. *Adkins*, 372 F. App'x at 652.

Binding precedent establishes that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3). *Camp*, 903 F.3d at 597; *United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017). And Thompson did not have to plead guilty to the predicate crime of violence—Hobbs Act robbery—to be validly convicted of under the elements clause.[3] *United States v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999). The language of § 924(c) "requires only that the defendant have committed a violent crime for which *he may be prosecuted* in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted." *Id.* (emphasis in original).

---

[3] Thompson was charged with that offense in the second superseding indictment. [ECF No. 45, PageID.164-165].

Thompson cites no authority finding that a Hobbs Act robbery conviction under the *Pinkerton* theory should be treated the same as a conviction for Hobbs Act conspiracy, and the Court found none. To the contrary, other courts have rejected arguments like Thompson's. *United States v. Woods*, No. 17-20022, 2020 WL 999036, at *7 (E.D. Mich. Mar. 2, 2020) (Edmunds, J.) (rejecting argument that *Davis* invalidated § 924(c) conviction under *Pinkerton* theory, and finding that conviction was a crime of violence under the elements clause); *Corbett v. United States*, No. 3:07-CR-144-RJC-1, 2020 WL 1495456, at *5 (W.D.N.C. Mar. 26, 2020) (finding that the holding of *Davis* did not apply because a Hobbs Act conviction under *Pinkerton* is not the same as one for Hobbs Act conspiracy.); *Belk v. United States*, No. 3:07-CR-144-RJC-2, 2020 WL 1495462, at *4 (W.D.N.C. Mar. 26, 2020) (same).

In his reply, Thompson argues that a conviction under a *Pinkerton* theory cannot be used to enhance a defendant's sentence. [ECF No. 391, PageID.3870-3872]. He cites in support *United States v. Hamm*, 952 F.3d 728, 734 (6th Cir. 2020), *cert. denied,* No. 19-7986, 2020 WL 1906692 (U.S. Apr. 20, 2020) (*Pinkerton* liability can trigger 21 U.S.C. § 841(b)(1)(C) death-or-injury enhancement only for "defendants who were part of the distribution chain that placed the drugs into the hands of the overdose

10

victim."); *United States v. Swiney*, 203 F.3d 397, 399 (6th Cir. 2000) (same); and *Rosemond v. United States*, 572 U.S. 65, 78 (2014) (conviction for aiding and abetting a § 924(c) offense requires defendant to have advance knowledge of confederate's plan to use a gun). Assuming, without deciding, that the holdings of *Hamm* and *Swiney* can be applied to § 924(c) cases, they do not help Thompson because he admitted, "I gave my co-defendants a gun to use in the robbery" and that he "knew they were going to use the gun to do the robbery." [ECF No. 243, PageID.2693]. These admissions show that Thompson had advance notice that one of his confederates planned to use the gun in the robbery, as required by *Rosemond*.

In sum, Thompson's argument that *Davis* rendered his § 924(c) conviction invalid is without merit. The predicate offense described in the plea agreement for his § 924(c) count was Hobbs Act robbery—a crime that falls within the elements clause of § 924(c)(3).

## C.

The government also argues that Thompson procedurally defaulted his argument that his conviction and sentence under § 924(c) should be vacated. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the

11

defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and quotation marks omitted). Thompson asserts that his procedural default should be excused because his conviction was predicated on a Hobbs Act conspiracy, rather than a substantive violation of § 924(c), and this conviction was invalidated by *Davis*. [ECF No. 391, PageID.3872-3873]. As found above, Thompson pleaded guilty to a substantive violation of § 924(c) under the *Pinkerton* theory, and under the elements clause of § 924(c)(3). Thus, his procedural default cannot be excused.

### IV. Conclusion

The Court **RECOMMENDS** that Thompson's second motion to vacate, set aside or correct his conviction and sentence **[ECF No. 383]** be **DENIED.**

                                             s/Elizabeth A. Stafford
                                             ELIZABETH A. STAFFORD
                                             United States Magistrate Judge

Dated: April 27, 2020

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
