UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Case No. 13-cr-20495
    District Judge Paul D. Borman

ERNEST THOMPSON,

    Defendant/Petitioner.

_____/

**ORDER**

(1)     **ADOPTING MAGISTRATE JUDGE ELIZABETH STAFFORD'S "REPORT AND RECOMMENDATION TO DENY ERNEST THOMPSON'S SECOND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (ECF #383)" (ECF #394)**

(2)     **DENYING DEFENDANT ERNEST THOMPSON'S "COMBINED MOTION AND BRIEF TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. §2255" (ECF #383)**

(3)     **REJECTING DEFENDANT'S "OBJECTIONS TO REPORT AND RECOMMENDATION" (ECF #395)**

(4)     **DENYING A CERTIFICATE OF APPEALABILITY**

On February 14, 2020 the United States Court of Appeals for the Sixth Circuit, pursuant to movant Ernest Thompson's 28 U.S.C. §2244 Motion, ordered

1

this Court to consider a second or successive motion to vacate, set aside, or correct his sentence. Case No. 19-2087, Document 8-1, 2020 U.S. App. LEXIS 4855.

On March 3, 2020 Defendant filed his Second Motion in this Court to vacate conviction and sentence pursuant to 28 U.S.C. §2255 (ECF #383). On March 27, 2020, the Government field a Response (ECF #386). On April 20, 2020 Defendant filed a Reply (ECF #391).

This Court referred Defendant's §2255 Motion to Magistrate Judge Elizabeth Stafford for a Report and Recommendation (R&R) under 28 U.S.C. §636(b)(1)(B) (ECF #392).

On April 27, 2020 Magistrate Judge Stafford issued a "Report and Recommendation to Deny Defendant's Second Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (ECF #383)." On May 11, 2020 Thompson filed Objections to the R&R (ECF #395).

This case involves a plan by individuals to rob a pharmaceutical van delivering controlled substances. Defendant Ernest Thompson supplied the firearm that was brandished by an accomplice to seize the driver's keys to the van which was then driven to Thompson's residence to divide up the contents of the van. Thompson also served as a look-out during the robbery.

The second superseding indictment charged Thompson in nine counts. He pled guilty to <u>Count One:</u>  Hobbs Act Conspiracy to Commit Interference with

Commerce by Robbery, 18 U.S.C. §1951(a); Count Three: Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §924(c), and Count Nine: Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1).

The focus of Defendant's Motion is on his Count Three plea conviction and his sentence under the penalty provision, 18 U.S.C. §924(c)(1)(A)(ii), which states upon conviction of a crime of violence, if the firearm is brandished, the defendant must be sentenced to a term of imprisonment of not less than seven years.

Defendant Thompson contends that the Supreme Court decision in *United States v. Davis*, 139 S.Ct. 2319 (2019) supports his request to vacate his conviction and sentence on Count Three, the 924(c) Count, asserting that his conviction was based on the residual clause, 924(c)(3)(B), not the elements clause, §924(c)(3)(A). In *Davis*, the Supreme Court held the residual clause was unconstitutionally vague.

The Government contends that the record is clear that Thompson's conviction was based upon applying the *Pinkerton* theory of liability through the elements clause. The Government Response to this 2255 Petition asserted that:

> Thompson's 924(c) conviction does not rely on the residual clause; rather, his conviction is predicated on a crime of violence under the elements clause in 924(c)(2)(A), namely the substantive offense of Hobbs Act robbery.

(Government Response, ECF #386, Page ID 3831). The Government Response further notes that during Thompson's Rule 11 plea colloquy, the Government

3

summarized the 924(c) charge under Count Three as "brandishing a firearm during and in relation to a crime of violence under the theory of *Pinkerton*, the Defendant is liable for the acts of his co-conspirators that are reasonably foreseeable." (ECF #386, Page ID 3832) (emphasis in original).

Magistrate Judge Stafford concluded that Thompson's reliance on *Davis* is misplaced because his conviction on Count Three arose under the elements clause. This Court concurs with Magistrate Judge Stafford's R&R, and adopts it in full.

This Court concludes that the decision in *United States v. Davis*, does not apply to this case because the underlying predicate offense for his 924(c) conviction was the elements clause offense of a substantive Hobbs Act robbery -- 924(c)(3)(A). Thus his conviction and sentence are supported by the *Pinkerton* theory of liability. *Pinkerton v. United States*, 328 U.S. 640, 645-648 (1946). *Pinkerton* is a doctrine about guilt stage liability -- and here because Defendant pled guilty to this crime of violence pursuant to the elements clause of 924(c), he was subject to being convicted and sentenced under §924(c)(1)(A)(ii) to not less than seven years in prison.

Accordingly the Court:

(1) Adopts Magistrate Judge Elizabeth Stafford's "Report and Recommendation to Deny Ernest Thompson's Second Motion to

Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (ECF #383)" (ECF #394).

(2) Denies Defendant Ernest Thompson's "Combined Motion and Brief to Vacate Conviction and Sentence Under 28 U.S.C. §2255" (ECF #383).

(3) Rejects Defendant's "Objections to Report and Recommendation" (ECF #395) .

(4) Denies a Certificate of Appealability.

SO ORDERED.

DATED: June 10, 2020

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE