UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 13-cr-20495-3
                                            District Judge Paul D. Borman

ERNEST THOMPSON,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCING REDUCTION AND HOME CONFINEMENT UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF NO. 408)**

Defendant has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contends that the COVID-19 outbreaks within the Bureau of Prisons (BOP), combined with his morbid obesity--5' 1", 300 lbs. (BMI 41.8), and his being of African-American ancestry, make him more vulnerable to COVID-19 serious complications should he be re-infected with the disease.

Defendant was incarcerated at FCI-Elkton, Ohio, when he filed this Motion. He is presently in BOP custody at the Cherry Health Residential Reentry Center (RRC) in Detroit, Michigan where there were two inmate COVID-19 positives as of January 25, 2021.

Defendant has no prison disciplinary record. He has completed 1500 hours of BOP programming. He has a release plan with his family--his sister's residence in Farmington Hills, MI.

The Government Response in Opposition (ECF No. 414) states that Defendant has been released from BOP prison custody because he is no longer confined within a BOP prison facility, and therefore his Motion is moot.

Defendant's Second Supplemental Brief in Support of a Sentence Reduction (ECF No. 416) states that he is in quarantine custody at the BOP's RRC in Detroit where he shares restrooms and other common spaces with the other men in quarantine--and therefore remains at high risk of infection.

On Friday, January 29, 2021, the Court held a teleconference with regard to Defendant's status, and his release date from BOP custody at the RRC. Participants on the transcribed teleconference call, in addition to the Court, were:

> Chief United States Probation Officer Anthony Merolla;
> Assistant United States Attorney Tare Wigod;
> Defense Counsel, Laura Mazor.

Mr. Merolla stated:

1. That Defendant Thompson is presently in BOP custody at its RRC.

2. That his BOP RRC release date is October 16, 2021.

      3.      That the earliest date the BOP could release him from BOP RRC custody is April 16, 2021.

## CONCLUSION

The Defendant has served approximately 87 months of his 97-month prison term. He is currently housed at the BOP Cherry Health Residential Reentry Center and will not be eligible for home confinement until mid-April at the earliest. The Cherry Health Residential Reentry Center currently has two inmate-positive cases of COVID-19.

The Court finds that Defendant Thompson is at heightened risk for severe illness due to his obesity, combined with hypertension, his African-American ancestry, and the COVID-19 pandemic. Thompson seeks to end his incarceration and obtain compassionate release under 18 U.S.C. § 3582(c)(1)(A).

The Court notes that Defendant has served almost 90 percent of his sentence. Given that statistic, and for the reasons that follow, the Court finds, pursuant to the 18 U.S.C. § 3553(a) factors, that his release from BOP custody after serving 90 percent of his sentence does not undermine the seriousness of his offense of conviction, that it has provided just punishment, and that there is no longer a need to protect the public from future criminal activity by the Defendant.

The Court notes that a 2020 Sixth Circuit opinion, *United States v. Kincaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020) approves of a court's consideration of the percentage of time served in its required discussion of the 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

This is particularly relevant in this case.

Finding the requirements for compassionate release to be satisfied, Thompson's motion is GRANTED. The sentence is reduced to time served.

The Court imposes a term of supervised release of two years on Counts 2-8, to be served concurrently. All terms and conditions of the original sentence previously imposed remain in effect. The Court also imposes the following additional special condition of supervised release:

> Participate in the Location Monitoring Program, utilizing technology as directed by the probation officer, and abide by all requirements of the program for a period of nine months. The costs are waived. The Defendant is confined to his residence at all times, except for employment; education; religious services; substance abuse or mental health treatment; attorney visits; court appearances;

court-ordered obligations; or other activities as preapproved by the probation officer.

SO ORDERED.

DATED: January 29, 2021

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE